# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY LOCKHART, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 18-3711 |
| PPL ELECTRIC UTILITIES CORP., et al., | : | |
| Defendants. | : | |

Henry S. Perkin, M.J.                                                                     June 24, 2021

## MEMORANDUM

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Prosecution and Memorandum in Support of the Motion filed on March 3, 2021. Defendants seek dismissal of this case for lack of prosecution or alternatively, a monetary sanction to hold Plaintiff accountable for his disregard for the Court's Orders and the Federal Rules of Civil Procedure, and to encourage compliance going forward. Plaintiff did not file a response to the Motion. On March 31, 2021, a remote hearing was held on the Motion to Dismiss. Plaintiff did not appear for the hearing and Defendants' counsel presented argument on the Motion. Having reviewed and considered the contentions of the Defendants and the audiotape of the hearing, the Court is prepared to rule on this matter.

## I.    PROCEDURAL HISTORY

Plaintiff Stanley Lockhart ("Plaintiff") filed this lawsuit alleging that he was subject to race discrimination in employment on August 24, 2018; an Amended Complaint on January 7, 2019; and a Second Amended Complaint on April 30, 2019. This case was originally assigned to the Honorable Joseph F. Leeson, Jr., and the parties consented to the exercise of jurisdiction by a

Magistrate Judge. ECF No. 60. On December 18, 2019, Judge Leeson entered an Order pursuant to 28 U.S.C. section 636 (c) and Federal Rule of Civil Procedure 73 referring this case for resolution. ECF No. 61. On August 21, 2020, while Plaintiff was attempting to obtain his third attorney, the Court was informed that the parties reached a global settlement of this case and Plaintiff's then-pending Worker's Compensation ("Comp") case, but Plaintiff was unavailable on August 21, 2020 to record the global settlement. Plaintiff, through his Comp counsel, requested additional time to gather documentation in support of his Comp case before recording any global settlement. *See* ECF No. 81 n.2. Thus, the case deadlines were suspended in order to finalize a global settlement. Plaintiff began proceeding *pro se* in this case on August 31, 2020.[1] From September through early December of 2020, this case was monitored with the expectation that, with the assistance of Plaintiff's Comp counsel, a global settlement had been reached but not yet finalized.

On December 16, 2020, due to numerous delays in finalizing the global settlement and a sense that global settlement was no longer possible, a Third Amended Rule 16 Scheduling Order was issued requiring that all fact discovery be completed by February 12, 2021. ECF No. 83. On December 22, 2020, Defendants served Plaintiff with Defendants' Third Request for Production of Documents, Defendants' Second Set of Interrogatories, Defendants' Second Set of Requests for Admission, an Authorization for the Release of Protected Health Information under 45 C.F.R. § 164.50, and a Notice for him to appear for Deposition on January 27, 2021. Defense counsel prepared a detailed cover letter explicitly stating that Plaintiff had 30 days to respond to the discovery requests, directing Plaintiff to the relevant Federal Rules of Civil Procedure, and

---

[1] Plaintiff has been represented by three different law firms, all of which withdrew as Plaintiff's counsel. *See* ECF Nos. 29 (Seth D. Carson, Esq. - August 24, 2018 to April 3, 2019), 51 (Steven Siegler, Esq. and Bryan S. Arce, Esq. - April 4, 2019 to July 15, 2019), and 76 (Philip D. Lauer, Esq. and Joseph E. Welsh, Esq. - Nov. 1, 2019 to June 5, 2020).

explaining where he could reference the rules online free of charge. Mot., Ex. A; correspondence from David E. Renner to Stanley Lockhart dated December 22, 2020. Plaintiff's discovery responses were due on or before January 21, 2021.

On January 6, 2021, due to Plaintiff's Comp counsel's motion to withdraw, the Worker's Compensation Court rescheduled the global settlement hearing for February 6, 2021. The Worker's Compensation Judge reportedly informed Plaintiff that if he did not retain new counsel for the February 6, 2021 hearing, his Comp case would be dismissed.

On January 8, 2021, Defendants served Plaintiff with a Notice of Deposition for Plaintiff's wife, Jacqueline Lockhart, to appear on February 3, 2021. In the cover letter attaching this Deposition Notice, Defense counsel reminded Plaintiff that his discovery responses "are due thirty days from December 22, 2021." Mot., Ex. B; correspondence from Andrea M. Kirshenbaum to Stanley Lockhart. Plaintiff did not return the executed Authorization for the Release of Protected Health Information, nor did he object or otherwise respond to Defendants' discovery requests that were served on him on December 22, 2020.

On January 21, 2021, less than one week before Plaintiff was scheduled to appear for his deposition and on the day that Plaintiff's responses to Defendants' Third Request for Production of Documents, Defendants' Second Set of Interrogatories, Defendants' Second Set of Requests for Admission, and an Authorization for the Release of Protected Health Information under 45 C.F.R. § 164.50 were due, Plaintiff sent an email to defense counsel asking that his and his wife's depositions be rescheduled "[d]ue to Not only my Own health issues, But My Moms Death." Resp., Ex. C; electronic correspondence from Stanley Lockhart to Andrea M. Kirshenbaum. Based on Plaintiff's request, defense counsel postponed the depositions and attempted to reach Plaintiff to reschedule the depositions. Mot., Exs. D, E; electronic

correspondence from Andrea M. Kirshenbaum to Stanley Lockhart dated January 21, 2021 and January 25, 2021. After attempting to contact Plaintiff at the phone number provided in his email multiple times, Defendants' counsel's subsequent calls were met with a pre-recorded message that stated the phone line could not accept calls from counsel's number. Mot., Ex. E. Plaintiff then sent an email directing defense counsel to contact his wife. Mot., Ex. F; electronic correspondence from Stanley Lockhart to Andrea M. Kirshenbaum dated January 26, 2021. One call to Plaintiff's wife was successful, but when Mrs. Lockhart answered, she reportedly said she could not hear well and asked that defense counsel call her back. Defense counsel immediately called Mrs. Lockhart a second time, but the call went to Mrs. Lockhart's voicemail. Neither Plaintiff nor his wife returned counsel's messages or subsequently offered dates to Defendants' counsel for rescheduling their depositions.

On January 26, 2021, defense counsel also contacted Plaintiff via email in an attempt to obtain full and complete responses to their discovery requests on or before January 29, 2021. Mot. Ex. I; electronic correspondence from David Renner to Stanley Lockhart. Plaintiff never responded to defense counsel's January 26, 2021 email, or otherwise communicated with counsel regarding the outstanding discovery requests. Plaintiff has not provided responsive documents or responses to Defendants' Third Request for Production of Documents, Defendants' Second Set of Interrogatories, Defendants' Second Set of Requests for Admission, and an Authorization for the Release of Protected Health Information under 45 C.F.R. § 164.50.

On January 27, 2021, the Fourth Amended Rule 16 Scheduling Order was entered extending case deadlines for two weeks to allow for a short postponement of the depositions of Plaintiff and his wife due to the report from Plaintiff to defense counsel on January 21, 2021

asking for a postponement of the depositions due to Plaintiff's unidentified health issues and the report of his mother's death.

On February 1, 2021, Defendants submitted an informal motion to compel regarding Plaintiff's overdue discovery responses. ECF No. 85.  On February 3, 2021, the Court ordered Plaintiff to "file/formally docket, in letter form, a response to the motion with the Clerk's Office for the United States District Court for the Eastern District of Pennsylvania on or before Monday, February 8, 2021." ECF No. 86.  Plaintiff did not respond to Defendants' Motion as required by the February 3, 2021 Order.  Because Plaintiff failed to respond to the outstanding discovery requests and the February 3, 2021 Order, a February 16, 2021 Order was issued directing:

> 1. All requests contained in Defendants' Second Request for Admission are deemed admitted;
>
> 2. Plaintiff shall provide full and complete responses, without objection, to Defendants' Third Request for Production of Documents and Second Set of Interrogatories within 10 days of this Order (on or before Friday, February 26, 2021), or risk the imposition of sanctions, including dismissal of his claims; and
>
> 3. Plaintiff and his wife are to appear for depositions at dates and times to be set by Defendants' counsel.

ECF No. 89.   Plaintiff did not respond or comply with the February 16, 2021 order.

On February 22, 2021, Defendants sent Plaintiff a revised notice for Plaintiff to appear for his deposition on March 16, 2021. Mot., Ex. G. That same day, Defendants also noticed Jacqueline Lockhart's deposition for March 19, 2021. Mot., Ex. H.  On February 26, 2021, the Fifth Amended Rule 16 Scheduling Order was entered extending deadlines another four weeks to allow for the depositions of Plaintiff and Mrs. Lockhart to be conducted at dates and times to be set by Defendants' counsel.

Defendants filed their Motion to Dismiss on March 3, 2021. ECF No. 91. On March 9, 2021, a Hearing Notice was docketed setting a hearing for March 31, 2021. ECF No. 92. On March 10, 2021, the Sixth Amended Rule 16 Scheduling Order was docketed which extended deadlines, in part, to allow for a decision on the Motion to Dismiss. ECF No. 93. Instructions for the computer link and telephone conference information for the remote hearing were emailed to Plaintiff and Defendants' counsel on March 18, 2021. ECF No. 94. Plaintiff neither responded to the Motion to Dismiss nor appeared for the remote hearing on March 31, 2021. Pursuant to the Court's request during the March 31, 2021 hearing, Defendants' counsel submitted on April 5, 2021 a list of incurred costs for the Defendants' efforts to obtain Plaintiff's compliance with the Federal Rules of Civil Procedure and in support of the Defendants' position that they have been prejudiced by Plaintiff's conduct in this case. ECF No. 96.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." To determine whether a party's suit should be dismissed for failure to prosecute, courts look to "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Riley v. Pa. Dep't of Corr.*, 536 F. App'x 222, 225 (3d Cir. 2013) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

The United States Court of Appeals for the Third Circuit ("Third Circuit") has stated that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear

record of delay or contumacious conduct by the plaintiff." *Poulis*, 747 F.2d at 866 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)). It is not necessary that each of the *Poulis* factors be satisfied for a sanction to be appropriate and no single factor is dispositive. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221, 222 (3d Cir. 2003); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (citations omitted); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989). These factors are to be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870. "If the case is close, 'doubts should be resolved in favor of reaching a decision on the merits.'" *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984))). The Court will analyze these factors.

### III. <u>DISCUSSION</u>

#### A. **Application of the Poulis Factors**

##### 1. <u>Plaintiff's Personal Responsibility</u>

"The first *Poulis* factor is an inquiry into the noncompliant party's personal responsibility." *Williams v. Bernot*, No. CV 18-2773, 2020 WL 3051787, at *2 (E.D. Pa. June 8, 2020) (quoting *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017). The Court must determine "whether the party himself has failed to comply with the court's orders as opposed to whether counsel for the party is responsible." *Id.* at *2 (quoting *Brown v. United States*, No. CV 17-1551, 2019 WL 764429, at *4 (E.D. Pa. Feb. 21, 2019) (citing *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008))).

7

Because Plaintiff is acting in a *pro se* capacity, he is personally responsible for his failure to move this case forward since August 31, 2020.[2] Plaintiff barely responded to some, if not all, of Defendants' discovery requests, did not return HIPAA releases to Defendants, and did not respond to telephone calls and emails. Plaintiff did not comply with this Court's February 3 or 16, 2021 Orders, did not respond to the Motion to Dismiss and did not appear for the March 31, 2021 remote hearing. This factor weighs in favor of dismissal.

### 2. Prejudice to the Adversary

The Third Circuit has noted that prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). In addition to the instant Motion, Defendants' counsel prepared numerous letters to Plaintiff and this Court regarding overdue discovery which were never answered. There has been monetary prejudice to the Defendants by Plaintiff's conduct in this matter. Following the March 31, 2021 hearing, Defendants' counsel submitted a list of costs incurred in the amount of $9525.15 related to counsels' efforts to obtain Plaintiff's compliance with the Federal Rules of Civil Procedure. *See* ECF No. 96. These costs support counsels' position that Defendants have been prejudiced by Plaintiff's conduct in this matter. Defendants encountered a lack of cooperation and non-responsive behavior from the Plaintiff where the Plaintiff should cooperate under the Federal Rules. *Poulis*, 747 F.2d at 868 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). This factor weighs in favor of dismissal.

---

[2] Arguably, the case has been delayed since June 5, 2020 when Plaintiff's third set of attorneys were permitted to withdraw their appearance. *See* ECF No. 76.

### 3. Plaintiff's History of Dilatoriness

Plaintiff has been dilatory throughout this litigation, but most of this behavior has been since he has been *pro se* since August of 2020. The Third Circuit has stated that "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Plaintiff did not comply with this Court's February 3, 2021 or February 16, 2021 Orders. Plaintiff failed to timely respond or even respond at all to Defendants' written discovery. Plaintiff filed this case more than two years ago and has produced little to no discovery responses to Defendants' requests since Plaintiff has been *pro se*. Moreover, Plaintiff did not respond to the Motion to Dismiss filed by the Defendants on March 3, 2021 and did not appear for the March 31, 2021 hearing regarding the Motion. Plaintiff's conduct has been dilatory, and this factor weighs in favor of dismissal.

### 4. Whether the Conduct of the Party or His Attorney Was Willful or in Bad Faith

Under this factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.* However, "merely negligent or inadvertent" behavior is not "contumacious." *Briscoe*, 538 F.3d at 262.

Plaintiff's conduct suggests that he no longer intends to participate in this case. There is nothing to indicate he has not received the Court's Orders, and "[c]ourts have held where there is no indication that a plaintiff's failure was from excusable neglect, 'the conclusion that [their] failure is willful is inescapable.'" *Rodriguez v. City of Philadelphia*, Civ.A,No.20-0819, 2021 WL 1175165, at *2 (E.D. Pa. Mar. 29, 2021) (quoting *Palmer v. Rustin*, No. 10-42, 2011 WL

5101774, at *2 (W.D. Pa. Oct. 25, 2011); *see also Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith."); *Mohler v. Synchrony Bank*, No. 4:17-cv-2260, 2019 WL 2127349, at *4 (M.D. Pa. Apr. 29, 2019, *report and recommendation adopted*, No. 4:17-cv-2260, 2019 WL 2126700 (M.D. Pa. May 15, 2019) (finding plaintiff's "silence and failure to litigate" after six months of not communicating with the court "le[ ]d to an inference that he has willfully abandoned this case.")). The Court must conclude that the Plaintiff's actions have been willful. This factor weighs in favor of dismissal.

### 5. Effectiveness of Sanctions Other Than Dismissal

The Third Circuit has held that "[w]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008). Plaintiff is proceeding *pro se*. Only Plaintiff can prosecute this case, and to date, has not done so. Despite warnings that non-compliance with Court orders may result in the imposition of sanctions including the possibility of dismissal of this case, Plaintiff has failed to respond to Court orders, discovery and the motion to dismiss, and failed to appear for a telephonic hearing. Precluding Plaintiff from presenting evidence at trial and precluding Plaintiff from conducting discovery would have the same effect as dismissal. The Court concludes that alternative sanctions would have no effect on Plaintiff's prosecution of this case. *Jones v. Brown*, No. 2:19-CV-0894, 2020 WL 219719, at *3 (E.D. Pa. Jan. 14, 2020) (citing *Hayes v. Nestor*, Civ.A. No. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) ("Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendants' motions to dismiss.... [t]he Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her

10

discovery obligations, or her interest in litigating this case.") and *Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC*, No. 07–1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (finding that sanctions other than default would be insufficient where defendant "demonstrated its complete neglect of its obligations as a litigant in this matter"). Because Plaintiff failed to respond to Court orders, discovery, the Defendants' motion to dismiss, and failed to appear for a telephonic hearing, the Court must conclude that monetary sanctions alone are insufficient to motivate the Plaintiff to prosecute his case. This factor weighs in favor of dismissal.

    6.   <u>Meritoriousness of the Claim</u>

The final *Poulis* factor for this Court to examine is whether the claim appears to be meritorious. The standard for meritoriousness is the Rule 12(b)(6) standard, whether the allegations of the pleadings when considered at trial, "would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-870 (citations omitted). Plaintiff is an African American man who began work for the Defendant companies in 1978. He alleges sufficient facts in the Second Amended Complaint to plausibly state race-based discrimination and retaliation in employment and race-based hostile work environment claims. However, it is unclear whether his claims would survive summary judgment. This factor is neutral and weighs neither for nor against dismissal.

  **B.**  **Balancing the *Poulis* Factors**

The foregoing factors are to be "weighed by the district courts in order to assure that the 'extreme end' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870. In this case, the balance of factors weigh in favor of dismissal. Plaintiff's personal responsibility for his failure to prosecute his case along with violations of the federal rules and this Court's scheduling and discovery orders have resulted in significant delay,

waste of judicial resources, and prejudice to the Defendants. Although Plaintiff's case may have some merit, it is unlikely that Plaintiff could survive a motion for summary judgment or succeed at trial due to his inaction. The facts of this case comply with the requirements of *Poulis* regarding dismissal for failure to comply with rules and orders of court and to advance Plaintiff's case. Accordingly, the Court grants the Defendants' Motion to Dismiss and dismisses this case with prejudice.

    An appropriate Order follows.